AMERICAN ELECTRIC COMPANY v. E. E. CLARK and Another.[1]

May 31, 1901.

Nos. 12,590—(133).

New Trial—Reversal of Order.

The rule applied that this court will not reverse an order granting a new trial, unless the evidence is manifestly and palpably in favor of the verdict.

[1] Reported in 86 N. W. 342.

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., granting a motion for a new trial. Affirmed.

*F. M. Catlin*, for appellant.

*G. W. Stewart* and *R. B. Brower*, for respondents.

PER CURIAM.

Action in claim and delivery to recover possession of a certain machine called a "compensator," and used in electric power plants, alleged to have been purchased by the Benton Power & Traction Company of the plaintiff, through and by means of false and fraudulent representations. Defendant Clark was appointed receiver of the company after the alleged sale, and when the action was brought the machine was in the actual possession of such receiver, and of defendant Hertig, who was president of the company, and who acted for it in the purchase. Clark did not answer, but Hertig did, and at the trial the plaintiff had a verdict against him. Later, upon motion made by counsel upon two grounds—First, that the verdict of the jury was not justified by the evidence and was contrary to law; and, second, error in law occurring at the trial and duly excepted to,—the court below granted a new trial without indicating its reason.

The order will have to be affirmed; for, on appeal, the case is controlled by a well-known rule of this court adopted in 1868. The evidence was not so manifestly and palpably in favor of the verdict as to justify us in reversing, although we are decidedly of the opinion that it was sufficient to support the verdict, and that the motion should have been denied.

On the record, however, it cannot be held that there was any abuse of the discretionary power of the court when it made the order, and therefore it is affirmed.